UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20248-CR-GAYLES

**UNITED STATES OF AMERICA,**

vs.

**OSCAR WILLIAMS, JR.,**

      **Defendant.**

_____/

## GOVERNMENT'S SECOND MOTION TO ENFORCE COURT ORDER AND MODIFY BOND

The United States of America moves this Court to modify the Defendant's bond and require the Defendant to self-surrender to the custody of the U.S. Marshals and the Federal Bureau of Prisons for the purpose of completing a competency evaluation. As set forth in more detail below, this is the government's *second* motion to enforce this Court's order, which required the Defendant to submit to a competency evaluation by September 27, 2021. (DE 32). In support of this motion, the government states the following:

1. On December 3, 2020, the grand jury charged Defendant with one count of production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e); and one count of extortion, in violation of 18 U.S.C. § 875(d). (DE 8).

2. Defendant's attorneys initially advised the Court and the government that Defendant intended to enter a guilty plea to resolve this case. (DE 26). However, on August 23, 2021, Defendant's attorneys subsequently filed a Motion for Competency Evaluation ("Motion"), advising the Court that they "do not believe that the defendant has sufficient present

ability to adequately consult with counsel with a reasonable degree of rational understanding, and as such cannot assist properly in his defense." (DE 30 ¶ 3). This Court granted Defendant's Motion on August 25, 2021, and ordered that he submit to a psychological examination, pursuant to 18 U.S.C. § 4241, by September 27, 2021. (DE 32).

3. On September 20, 2021, Defendant reported to the U.S. Marshals for a competency evaluation but was turned away because he was not in BOP custody. U.S. Probation advised the defense—in email that defense counsel later forwarded to Assistant United States Attorney Dayron Silverio—that the U.S. Marshals required an order from the Court authorizing the U.S. Marshals and BOP to take the Defendant into custody and transport him to BOP's Butner facility in North Carolina for the evaluation. Alternatively, U.S. Probation advised that the defense could hire their own expert to perform the evaluation.

4. As of November 4, 2021, Defendant had neither obtained an order to be taken into BOP custody to undergo an evaluation, nor had he hired his own expert. As a result, the government moved to enforce this Court's order and modify Defendant's bond. (DE 33).

5. On November 10, 2021, the Court held a telephonic hearing on the government's motion. (DE 35). The Court denied the government's request to remand the Defendant to the custody of BOP for purposes of completing a competency evaluation, and instead scheduled a follow-up hearing to allow the Defendant time to decide whether he would retain his own competency expert or seek an evaluation through the BOP. On November 24, 2021, this Court held the follow-up telephonic status conference on the government's motion. (DE 37). The Defendant had still not retained an expert. The Court gave the Defendant additional time to retain an expert and set this case back on the trial calendar.

6. On December 14, 2021, the government asked defense counsel whether the defense had retained a competency expert. On December 23, 2021, the government followed up on its inquiry. On December 30, 2021, defense counsel responded, explaining that the Defendant's family had reached out to one of the two doctors recommended by the government but had learned that the doctor no longer conducted competency evaluations. Defense counsel explained that the Defendant's family had reached out to the second doctor recommended by the government.

7. Thereafter, on January 10, 2022 and January 12, 2022, the government emailed Defendant's attorneys, again inquiring whether Defendant underwent an evaluation, but received no response. The government also attempted to reach Defendant's attorneys via telephone on January 12, 2022, to discuss the same.

8. It appears that Defendant has failed to undergo a psychological examination roughly four and months after this Court entered an order requiring him to do so. *See* (DE 32).

9. Defendant's jury trial in this case is currently scheduled to begin on January 31, 2022, with a calendar call on January 26, 2022. (DE 39).

10. Based on the foregoing, the government respectfully requests this Court modify the Defendant's bond and require the Defendant to self-surrender to the custody of the U.S. Marshals and the Federal Bureau of Prisons for the purpose of completing a competency evaluation.

11.    In accordance with the local rules, the government provided Defendant's attorneys with a copy of the instant motion the morning of January 13, 2022, and inquired as to their position. As of the filing of this motion, the undersigned has not received a response.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:    /s/ *Lacee Elizabeth Monk*
       Lacee Elizabeth Monk
       Assistant United States Attorney
       Florida Bar No. 100322
       U.S. Attorney's Office
       99 N.E. 4th Street
       Miami, FL 33132-2111
       Telephone: (305) 961-9427
       Email: lacee.monk@usdoj.gov