UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20248-CR-GAYLES(s)


UNITED STATES OF AMERICA

v.

OSCAR WILLIAMS, JR.


UNITED STATES' SENTENCING MEMORANDUM

The United States files this sentencing memorandum requesting that this Court sentence the defendant, Oscar Williams, Jr. ("Defendant"), to a sentence of 360 months' imprisonment. In support thereof, the United States submits as follows:

I.    Background

The Defendant was charged by Superseding Indictment with four counts of production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e), and one count of extortion, in violation of 18 U.S.C. § 875(d).  ECF No. 48.  After a four-day trial, a jury found the Defendant guilty of all counts.  ECF No. 94.

II.    Presentence Investigation Report & Penalties

On October 26, 2022, the U.S. Probation Office issued its Final Presentence Investigation Report ("PSR").  ECF No. 111.  The Probation Officer determined that the Defendant's applicable guidelines range for the Defendant's offenses is life imprisonment, based on a total-offense level of 43 and a criminal history category of I. *See* PSR ¶ 126. The four production of child pornography convictions require a sentence of 15 to 30 years' imprisonment, followed by a period of supervised release of five years to life.  18 U.S.C. §§

2251(3), 3583(k). The extortion conviction carries a term of imprisonment of no more than two years, followed by a term of supervised release of no more than one year. 18 U.S.C. §§ 875(d), 3583(k). Here, because the guideline range exceeds the maximum period of incarceration for each conviction, the Defendant's guideline range is the sum of the statutory maximum sentence on each count of conviction, which in this case is 122 years. *See United States v. Kirby*, 938 F.3d 1254, 1258 (11th Cir. 2019) (finding that the district court "correctly combined the statutory maximum for each count of conviction" where the defendant's statutory maximum sentence was 30 years, but his guideline range was life); *see also* U.S.S.G. § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."); PSR ¶ 126. As set forth below, the United States asks this Court to adopt the recommended guideline range and sentence the Defendant to 360 months' incarceration.

### III.    Argument for a 360-Month Sentence

For over ten months, the Defendant, used the internet to break into the bedrooms of teenage girls across the United States. Once inside, he terrorized them on a daily basis, using threats and manipulation to force them to create child pornography to feed his insatiable sexual appetite. Right under their parents' noses, he accumulated hundreds of pornographic images and videos of four minor girls that he hid in his private digital trophy case, available for him to view whenever he pleased. This conduct demands a sentence of 360 months' imprisonment.

Although this Court may not presume that a guideline-range sentence is reasonable, guidelines remain a significant and pivotal component of the sentencing process. *United States*

*v. Delva*, 922 F.3d 1228, 1257 (11th Cir. 2019); *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) ("[W]hile we do not presume that a sentence falling within the guidelines range is reasonable, we ordinarily expect it to be so."). This Court therefore "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 129 S. Ct. 890, 891-92 (2009).

Section 3553(a)(1) provides that, in determining a sentence, courts must consider the nature and circumstances of the offense, as well as the history and characteristics of the defendant. Additional factors outlined in section 3553(a)(2) include the need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed education or vocational training, medical care, or other corrective treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). Consideration of these factors necessitates a 360-month sentence.

### A. Nature and Circumstances of the Defendant's Offenses and the Need to Protect the Public from Further Crimes of the Defendant

Between November 2019 through September 2020, the Defendant forced four minor girls, ranging from 14 to 16 years' old, to produce child pornography and send it to him via Snapchat.  To do so, the Defendant obtained private photos the girls had saved in the "My Eyes Only" section of their Snapchat accounts and then used those photos to blackmail the girls into creating and sending him multiple pornographic photos and videos of themselves. The Defendant harassed the girls at all hours of the night, threatened to humiliate them by

posting their private photos on social media and pornography websites if they disobeyed him,[1]

and provided detailed instructions on the pornographic content that he wanted.

When federal agents seized the Defendant's cell phone, it was hidden underneath his

mattress and had a Snapchat notification from Minor Victim 4 on his lock screen.  Inside the

phone, law enforcement discovered Hide It Pro, a passcode protected application used to

clandestinely store photos and videos.  Inside of the Defendant's Hide It Pro application were

148 folders, most of which were named after the first name or screen name of various young

women and contained pornographic photos and videos, the majority of whom appeared to be

of minor females.  For example, one folder entitled "Black Baby Girl" contained multiple

pornographic photos and videos of a black female who appears to be between 10-13 years of

age.  Gov. Trial Exhibits 46; 46A-46D.  Included within the Defendant's child pornography

collection were folders named after each of the victims.  Agents also discovered that the

Defendant used the cell phone to search for child pornography on several occasions.  *See* Gov.

Trial Exhibit 19.  Specifically, the Defendant searched for "getting head from a 6 year old"

four times, and searched for "black teen that was raped live video" once.  *Id.*

The Defendant's conduct warrants a 360-month sentence because it was deliberate,

recurrent, and targeted vulnerable victims.  The Defendant did not suffer from a solitary lapse

in judgment.  Instead, over the course of over ten months, he repeatedly engaged in the same

scheme to extort minor girls into creating child pornography.  The Defendant was undeterred

when the minors told him their ages and used shame and humiliation to keep them from

---

[1] At trial, Minor Victim 2 testified that the Defendant posted a pornographic image of her on her Snapchat story.

seeking help from an adult.[2]

Furthermore, the Defendant's conduct is undoubtedly serious and has been traumatic for both the minor victims and their parents.  For example, Minor Victim 1 regularly sees a therapist, is fearful that a stranger will recognize her from the photos and videos the Defendant forced her to create, started wearing baggy clothes to hide her body, and has regressed in softball, a longtime hobby of hers.  Similarly, Minor Victim 2 has also expressed an interest in starting therapy due to the Defendant's action, and since the conclusion of the trial, an unknown individual sent her a pornographic video she created at the Defendant's direction.  Several of the parents of the minors have also expressed feeling helpless watching their daughters struggle as a result of the Defendant's actions.  The Defendant's actions will, unfortunately, cause harm to the victims and their families for years to come.

**B. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment for the Offense, and Afford Adequate Deterrence to Criminal Conduct**

The Eleventh Circuit has routinely "treated sex offenses as serious crimes, upholding severe sentences in these cases." *United States v. Pugh*, 515 F.3d 1179, 1202 (11th Cir. 2008) (reversing probationary sentence in child pornography case as substantively unreasonable). An evaluation of factually similar cases demonstrates that a sentence of 360 months' imprisonment would be reasonable here.

---

[2] *See* Gov. Trial Exhibit 2 (Minor Victim 1 advises the Defendant she is 14 and has to go to school in the morning); Gov. Trial Exhibit 3 (Defendant tells Minor Victim 1 he is "gonna be the guy exposing you today too all your friends [b]ecause you not showing me shit");  Gov. Trial Exhibit 22 (Defendant tells Minor Victim 3 "[t]he whole world would know [her] face" if she didn't send him child pornography); Gov. Trial Exhibit 25 (The Defendant tells Minor Victim 2 he will post pornographic photos of her on Facebook, Google, and various pornography websites if she doesn't create child pornography for him); Gov. Trial Exhibit 4 (The Defendant told Minor Victim 4 the name of her high school and would share photos of her with her classmates if she did not create child pornography for him).

In *United States v. Walker*, 2022 WL 3221905 (11th Cir. Aug. 10, 2022), the Eleventh Circuit upheld as substantively reasonable a 60-year sentence for a high school janitor who hid a cell phone in a bathroom and recorded videos of at least 10 students exposing their genitals or buttocks while undressing to use the bathroom. *Id.* at *1, *3.

In *United States v. Woodson*, 30 F.4th 1295 (11th Cir. 2022), the Eleventh Circuit upheld a 50-year sentence imposed on a twenty-eight-year-old man who infiltrated the social media accounts of adolescent girls, locked them out of their accounts and then demanded that the girls produce and send pornographic material. *Id.* at 1299, 1308. The defendant and his co-conspirators also made one minor produce a video of her urinating in a cup and drinking her urine, and made another minor create a video of her having sex with a friend. *Id.* at 1300.

In *United States v. Fye*, 796 F. App'x 639 (11th Cir. 2019), the Eleventh Circuit upheld as substantively reasonable a 300-month sentence for a 24-year-old man who posed as a 14-year-old boy on a social media application, requested nude photographs of a 15-year-old girl, and then used those photos to blackmail the girl into sending her two sexually explicit videos of herself. *Id.* at 640, 643. The defendant also possessed over 200 suspected child pornography videos and images. *Id.* at 640.

In *United States v. Killen*, 773 F. App'x 567 (11th Cir. 2019), the Eleventh Circuit affirmed as substantively reasonable a 50-year sentence for a then 19-year-old man who obtained naked photos of minor boys by posing as a young girl on a messaging application and threatened to post the boys' photos on social media unless they continued to send him additional photos.[3]

---

[3] The facts outlined above are discussed in *United States v. Killen*, 729 F. App'x 703, 706 (11th Cir. 2018). There, the Eleventh Circuit found that the 139-year sentence imposed by the district court was substantively unreasonable because the court failed to consider the need to avoid unwarranted sentencing disparities as required by 18 U.S.C. § 3553(a)(6). *Id.* at 718.

*Id.* at 570-71. The defendant distributed the images to another individual and amassed a collection of more than 2,000 images and 100 videos of child pornography. *Id.* at 706.

In *United States v. Kirby*, 938 F.3d 1254 (11th Cir. 2019), the Eleventh Circuit upheld as substantively reasonable a sentence of 1440 months' (120 years) imprisonment for a police officer who possessed numerous photos and videos of child pornography, including photos of his thirteen-year-old stepdaughter and one of her friends. *Id.* at 1256, 1258-59.

Here, a sentence of 360 months is in line with cases of similar nature, and is needed to reflect the seriousness of, and provide just punishment for, the Defendant's crimes. Moreover, a significant sentence will promote respect for the law, deter others from committing such acts in the future, and would avoid unwarranted sentence disparities.

## C.  History and Characteristics of the Defendant

The Defendant's history and characteristics also weigh in favor of a 360-month sentence. The Defendant is a 30-year-old[4] man who was born and raised in Miami, Florida.  PSR ¶ 96. He was raised primarily by his mother in a poor socioeconomic area.  *Id*.  The Defendant's father was involved in his upbringing but did not provide for him financially.  *Id*.  He described his father as physically and emotionally abusive but did not provide any details about the abuse.  *Id*.  He has been married since 2013 and has three young children.  *Id*. at 99.  The Defendant's wife has remained supportive of him throughout the instant case.  *Id*.  He has one brother and a half sister.  *Id*. at 98.  The Defendant advised that he dropped out high school his senior year because he was being bullied.  *Id*. at 111.  Nevertheless, the Defendant maintained stable employment as an adult.  *Id*. at 114-15.  While in custody, the Defendant underwent a psychosexual evaluation and was subsequently diagnosed with an unspecified

---

[4] Based on his date of birth, the Defendant would have been 27 or 28 at the time of his offenses.

paraphilic disorder.  *Id*. at 107.  During the evaluation, he advised the social worker that he "was not responsible for what he was charged with." *Id*.

Although this Court should consider the challenges the Defendant faced during his childhood, these challenges do not outweigh the significant harm that he inflicted on the victims in this case.  The sentences in *Woodson* and *Killen* illustrate this point.  In *Woodson*, the defendant "suffered from mild to moderate autism and had experienced a troubled home life since childhood."  *Woodson*, 30 F.4th at 1307.  In *Killen*, the defendant was a "special needs" child who had a "horrific childhood in a Romanian orphanage." *Killen*, 729 F. App'x at 718.   Nevertheless, in both of those cases, the trial court understood the defendants committed grievous offenses that warranted significant sentences (50 years).  The same is true here.

## IV.   CONCLUSION

In light of the foregoing, the United States respectfully requests the Defendant be sentenced to a term of 360 months' imprisonment.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:   */s/Lacee Elizabeth Monk*
Lacee Elizabeth Monk
Assistant United States Attorney
Florida Bar No. 100322
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9427
Email: Lacee.Monk@usdoj.gov